COWELL (CRANE v.). See Case No. 3,353.

## Case No. 3,295.

COWEN v. BANKS et al.

[24 How. Pr. 72.][1]

Circuit Court, D. New York. Nov. Term, 1862.

ASSIGNMENT OF COPYRIGHT — ASSIGNEE'S RIGHT
TO EXTENSION.

Where an action for the infringement of a copyright of a publication was brought by the assignees thereof, and an issue of ownership was raised on the trial, upon which the author and assignor as a witness testified that by the agreement produced, "the intention was to convey deponent's whole interest in the copyright of the work; I suppose the book to belong to my assignees, as soon as made, including all that was in it," *held*, that this testimony estopped the legal representatives of the author from subsequently claiming that the agreement was intended to be confined to the first fourteen years' limitation of the copyright, under which it was made, especially as the testimony was given after the expiration of such limitation to a portion of the work.

[Cited in Paige v. Banks, 13 Wall. (80 U. S.) 616.]

The bill is filed in this case by the complainant [Betsey Cowen, administratrix of Esek Cowen deceased], to compel the defendants [David Banks and others] to account and pay over to her moneys received by them on the sales of the nine volumes of Cowen's reports, since the expiration of the copyrights of Goulds & Banks, which, it is charged, expired on the 26th of April, 1838, 13th of November, 1843, and at various dates intermediate these two periods.

F. F. Marbury, solicitor for complainant.

W. A. Beach and Wm. Allen Butler, counsel.

Banks & Anderson, solicitors for D. Banks.

Charles O'Conor, counsel for Banks and executors of A. Gould.

Otis Allen, solicitor for W. Gould.

John K. Porter, counsel.

S. D. Law, solicitor for executors of Anthony Gould.

NELSON, Circuit Justice. These copyrights were taken out under the act of 1790 [1 Stat. 124], which secured to the author or his assigns the exclusive proprietary right to the book or books during the term of fourteen years; and further provided, that if, at the expiration of the said term, the author be living, the same exclusive right should continue to him, his executors, administrators or assigns for the further term of fourteen years, provided he or they should take out a second copyright for the period.

The 16th section of the act of 1831 [4 Stat. 439] extended the term to the author or proprietor of the book, already copyrighted, to the period of twenty-eight years, unconditionally, if the author was living at the time of the passage of the act. Judge Cowen was living at the passage of the act, and the bill charges that, according to the true construction of the articles of agreement, trans-

[1] [Reported by Nathan Howard, Jr., Esq.]

ferring the copyright of these books to Gould & Banks, the proprietary right was limited to the first term of fourteen years, under the act of 1790; and that at the expiration of this period the right became vested in the author, under and by virtue of the 16th section of the act of 1831. The construction is denied by the defendants. On the contrary they insist that the transfer embraced the contingent right to the additional term of fourteen years, under the act of 1790, which became absolute in them under the act of 1831.

We are satisfied, on a careful consideration of the provisions of this agreement, that the construction insisted upon by the complainant is the true one; and that if there was nothing else in the case, she would be entitled to the decree prayed for. But the defendants have filed a cross bill, in which they charge that, according to the crue intent and understanding of the parties in the transfer at the time of the agreement, the assignees were to be entitled to the entire proprietary right, including the contingent interest of the author to the second term of fourteen years as well as at the first; and hence, that they became the absolute proprietors of this term under the act of 1831, and they ask that the agreement be reformed so as to conform to the understanding and intent of the parties.

By a stipulation in the record, a deposition of Judge Cowen, taken 3rd October, 1840, in a case pending between those claiming this proprietary interest in the reports, and one H. P. Hastings charged as violating their copyrights, is admitted as evidence. Judge Cowen was examined as a witness for the complainant; and an objection was taken to his testimony on the ground of interest. He was first examined on his voir dire, the agreement in question having been produced before him. He stated that this was the only contract between him and the assignees of the copyrights, and that "the intention was to convey deponent's whole interest in the copyright of the work." And on his examination-in-chief, he observes: "I supposed the book to belong to my assignees as soon as made, including all that was in it. I would not have taken the office of reporter, with its salary and duties, unless I was to have had a proprietary right which I could use or dispose of."

At the time of this examination, and the objection on the ground of interest taken to the witness, the first term of four of the first volumes had expired, and the proprietary right had become vested in him absolutely, unless parted with by the assignment. Judge Cowen's attention, therefore, was called directly to the fact of the understanding and intention of the parties at the time of the making the agreement of transfer. His testimony accords with his own practical construction of it, for, some two years had elapsed at the time after the expiration of the first term, as we have seen in respect to the first four volumes, and he had set up no

claim to the copyright. He died the 20th of January, 1844, some three years after the expiration of the first term of the copyright of the last volume, and had all this time acquiesced in the claim of the assignees. Conceding, therefore, that, according to the terms of the written agreement of transfer, the assignees obtained a right to the term of fourteen years to the nine volumes of reports, yet, in view of the bill to reform the contract and make it conform to the true intent and understanding of the parties to the instrument at the time of entering into it, and the testimony of Judge Cowen, we do not see how we can avoid reforming the contract so as to give effect to the real agreement of the parties. The testimony of the witness is not an opinion expressed as to the construction of the instrument, but as to the question whether or not he was interested in the second term of the copyright of these books. He was not examined upon a question of law, but upon a question of fact; and in this view, and in the face of the claim of the complainants in that suit to a full title in the second term, then running, he testified that he had conveyed his whole interest to them. The evidence of Judge Cowen, under the circumstances in which it was given, is wholly inconsistent and irreconcilable with the idea that the parties, at the time the agreement was entered into, understood and intended a conveyance of a copyright only for the first fourteen years. For these reasons we think a decree must be entered for the complainants in the cross bill, according to its prayer, to reform the contract, and for the defendants in the original bill.